## Commonwealth v. Croghan

*James F. Menconi, assistant district attorney,* for the Commonwealth.
*John E. Jones III,* for defendant.

RUBRIGHT, *J.,* March 26, 1992—This matter is presently before the court on the defendant's motions for new trial and in arrest of judgment. The defendant was convicted after a trial by jury of robbery, theft, receiving stolen property and terroristic threats. He has raised a number of allegations of error, but we shall address only· those which have been argued in his brief.

The defendant first argues that the court erred in failing to grant a continuance due to the Commonwealth's alleged violation of the discovery rules. A few days before the commencement of trial, one of the county detectives who was investigating this incident learned of two additional witnesses of whom the prosecutors had previously been unaware. The district attorney immediately notified the Public Defender's Office of the additional witnesses and made them available to be interviewed by members of the public defender's staff the following Monday morning. Trial commenced on Tuesday. The defendant argues that this late disclosure of the additional witnesses caused him substantial prejudice.

We cannot agree with the defendant's argument. Pa.R.Crim.P. 305(B)(1)(a) provides that, upon request by the defendant, the Commonwealth shall disclose to defense counsel "all evidence favorable to the accused which

is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth." The prosecution does not violate Rule 305(B)(1)(a) when it fails to provide the defense with evidence that it does not possess and of which it is unaware during pre-trial discovery. *Commonwealth v. Gelormo,* 327 Pa. Super. 219, 475 A.2d 765 (1984). Furthermore, a defendant who seeks relief from late disclosure under the discovery rules must still demonstrate prejudice. *Commonwealth v. Gordon,* 364 Pa. Super. 521, 528 A.2d 631 (1987).

In the instant case, the Commonwealth complied with the discovery rules by immediately informing the Public Defender's Office of the discovery of the additional witnesses. The Commonwealth cannot disclose to the defendant that which it does not know. Even if there had been a violation of Rule 305(B)(1)(a), the defendant has not shown any prejudice. Members of the public defender's staff were able to interview the witnesses the day before trial commenced. There was no need for a continuance.

The defendant next argues that it was error for the court to proceed with trial given the pre-trial publicity and the recent conclusion of a case involving the defendant in an adjacent courtroom. Before trial commenced, defense counsel introduced a newspaper article which contained references to the charges pending against the defendant. He also pointed out that he believed that the jurors may have seen the defendant being escorted by county sheriff's deputies from one courtroom to another. Defense counsel moved for a continuance or, in the alternative, selection of a new jury. The court then had the jury brought into the courtroom and questioned the jurors about the issues raised by defense counsel. None

of the jurors had seen the article introduced by defense counsel, so the defendant could not have been prejudiced by it. One of the jurors indicated that he had seen the defendant in the hallway, but he said that it would not affect his ability to decide the case based only upon the evidence presented.

Although it is not clear whether the defendant was in handcuffs, we believe that even if he was not, the principles applicable to the handcuff situations are equally applicable where the jurors have seen the defendant being escorted by sheriff's deputies. Not every observation of a defendant in handcuffs (or, we believe, with sheriff's deputies) by members of a jury is so inherently prejudicial as to require a mistrial. *Commonwealth v. Lewis,* 523 Pa. 446, 567 A.2d 1376 (1989); *Commonwealth v. Lark,* 518 Pa. 290, 543 A.2d 491 (1988). A mistrial should be granted "only when an incident is of such a nature that its unavoidable effect is to deprive [the defendant] of a fair trial." *Commonwealth v. Chestnut,* 511 Pa. 169, 176, 512 A.2d 603, 606 (1986); *Commonwealth v. Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982).

In this case, the court examined the juror who saw the defendant with the sheriff's deputies and ascertained from him that the brief sighting would not effect his ability to decide the defendant's guilt or innocence only on the evidence presented in the courtroom. As such, it was not error to deny the defendant's motions. See *Commonwealth v. Lewis, supra.*

The defendant also argues that it was error for the court to deny his motion for mistrial when the district attorney violated the court's ruling precluding him from introducing evidence about problems the defendant had in the military. Specifically, the defendant had made

a motion in limine asking that the district attorney be precluded from introducing evidence that the defendant was A.W.O.L. The court granted the defendant's motion. During the defense case, the defendant testified at some length about his service in the military in an obvious effort to paint a good picture of himself for the jury. On cross-examination, the district attorney asked a question about whether the defendant had any problems with the military. Defense counsel objected and, exercising an abundance of caution, the court sustained the objection. Since the objection was sustained and the defendant did not answer the question, there was no error in refusing to grant a motion for mistrial.

Finally, the defendant argues that a mistrial should have been granted when the prosecuting officer testified that he knew where the defendant lived prior to this incident because he had responded to a police call at that address a few months before this incident. Counsel were allowed to approach the bench at that time and defense counsel moved for a mistrial on the grounds that the officer's reference tied the defendant to prior criminal conduct. The motion was overruled and we believe properly so. There was no evidence as to the nature of the call or that the defendant was involved. Even if it could be construed as a reference to prior criminal acts on the part of the defendant, the Commonwealth did not deliberately elicit the reference, did not exploit the reference, and did not introduce evidence of any prior unrelated crime. Under the circumstances, a mistrial was not warranted. See *Commonwealth v. Haag*, 522 Pa. 388, 562 A.2d 289 (1989).

Having addressed all of the defendant's arguments and found them to be without merit, we enter the following

## ORDER OF COURT

And now, March 26, 1992, at 9:10 a.m., it is hereby ordered that the defendant's motions for new trial and in arrest of judgment are denied and dismissed.