J-S12022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANA DEANGELA NUNNALLY | |
| Appellant | No. 1083 MDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003944-2015

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 20, 2017**

Dana Deangela Nunnally appeals *nunc pro tunc* from the judgment of sentence imposed March 9, 2016, in the Dauphin County Court of Common Pleas.  The trial court sentenced Nunnally to an aggregate term of 23 months' county probation after a jury found him guilty of, *inter alia*, simple assault[1] for punching his ex-girlfriend in the head during an argument.  On appeal, he argues the trial court erred in failing to grant him a mistrial when the victim referred to his prior bad acts, and in denying his post-sentence motion seeking a new trial based on the weight of the evidence.  For the reasons below, we affirm.

---

[1] *See* 18 Pa.C.S. § 2701(a)(1).

The facts underlying Nunnally's arrest are summarized by the trial court as follows:

On June 9, 2015, the Harrisburg City Police Department was dispatched to 1163 Derry Street in response to a 911 call. Upon arrival, Officer Garrett Miller (hereinafter "Officer Miller") encountered the victim, Vicki Butler (hereinafter "Ms. Butler"), on the third (3rd) floor of the apartment. [Nunnally] and his daughter, Chynna Nunnally (hereinafter ["Chynna"]), were also in the apartment. [Ms.] Butler told Officer Miller what had transpired.

[Nunnally] and [Ms.] Butler were in a romantic relationship and living together, along with [Nunnally's] daughter, at the time of the incident. Earlier in the evening on June 9th, [Nunnally], Ms. Butler and [Chynna] went to the Café on Derry Street together for approximately one (1) hour and all consumed alcoholic beverages.

When they returned to the apartment, [Nunnally] and [Chynna] began smoking marijuana. Ms. Butler stated that the smell gives her headaches, and had asked them to do it on the other side of the house. Ms. Butler and [Nunnally] got into an argument over this, and eventually Ms. Butler went to lie down. Thereafter, [Nunnally] got into an argument with [Chynna] and eventually went into the bedroom and lay in bed with Ms. Butler. [Nunnally] and Ms. Butler began arguing over the smell of the marijuana smoke again, and Ms. Butler called [Nunnally] an offensive name. This upset [Nunnally], causing him to grab Ms. Butler in a choke-hold and punch[] her in the head. Ms. Butler testified that [Nunnally] hit her at least three (3) to four (4) times in the head.

At some point, Ms. Butler was able to break free, grabbed her cell phone and cigarettes and went out on the back porch. While she was on the back porch, Ms. Butler called 911. Ms. Butler returned inside once the police officers had arrived on scene. Officer Miller stated that Ms. Butler appeared visibly upset and was bleeding from the head. Officer Miller spoke to [Chynna], but he stated that it was not a good conversation as [she] was not cooperative with him. Thereafter, police officers went into the bedroom where [Nunnally] was, woke him up and placed him under arrest for domestic violence. A search incident

to arrest revealed a small bag of marijuana in his right front pocket. Ms. Butler was transported to the hospital, and [Nunnally] was transported to the booking center.

Trial Court Opinion, 8/24/2016, at 3-4 (record citations omitted).

Nunnally was subsequently charged with simple assault, possession of a small amount of marijuana, and possession of drug paraphernalia.[2] On January 13, 2016, following a two-day jury trial, he was convicted of all charges. On March 9, 2016, the trial court sentenced Nunnally to a term of 23 months' county probation for simple assault, and a concurrent 30 days' probation for possession of marijuana. No further punishment was imposed on the paraphernalia charge. Nunnally filed a timely post-sentence motion challenging the weight of the evidence, which the trial court denied on March 29, 2016. That same day, Nunnally filed a notice of appeal.

Thereafter, the trial court ordered Nunnally to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). When Nunnally failed to comply with the court's order, the trial court filed a statement in lieu of an opinion, asserting all of Nunnally's issues on appeal were waived. **See** Statement in Lieu of Rule 1925(a) Opinion, 5/10/2016. Nunnally subsequently discontinued his appeal. **See** Notice of Discontinuance, 514 MDA 2016, dated 5/18/2016.

_____

[2] **See** 18 Pa.C.S. § 2701(a)(1), and 35 P.S. §§ 780-113(a)(31)(i) and (a)(32), respectively.

On June 1, 2016, counsel filed a timely petition for post-conviction relief,[3] seeking reinstatement of Nunnally's direct appeal rights *nunc pro tunc*, based on counsel's ineffectiveness for failing to file a Rule 1925(b) statement. The court granted Nunnally's petition on June 10, 2016, specifically permitting him to file a post-sentence motion *nunc pro tunc*. *See* Order, 6/10/2016. Nunnally filed a post-sentence motion on June 20, 2016, asserting the verdict was against the weight of the evidence. *See* Post-Sentence Motion, 6/20/2015. The trial court denied the motion on June 23, 2016, and this timely appeal followed.[4]

In his first issue on appeal, Nunnally contends the trial court erred when it denied his request for a mistrial following testimony by Butler that the police had been to their home and handcuffed Nunnally "many times" in the past. *See* N.T., 1/12-13/2016, at 49. He further argues that while the trial court gave a curative instruction, the charge did not "cure the prejudice [the testimony] caused." Nunnally's Brief at 13.

Our review of a trial court's ruling denying a defendant's motion for a mistrial is well-settled:

---

[3] *See* Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

[4] On July 11, 2016, the trial court directed Nunnally to file a Pa.R.A.P. 1925(b) concise statement. Nunnally complied with the court's order, and filed a concise statement on June 19, 2016.

The decision to declare a mistrial is within the sound discretion of the court and will not be reversed absent a "flagrant abuse of discretion." *Commonwealth v. Cottam*, 420 Pa.Super. 311, 616 A.2d 988, 997 (1992); *Commonwealth v. Gonzales*, 415 Pa.Super. 564, 609 A.2d 1368, 1370-71 (1992). A mistrial is an "extreme remedy ... [that] ... must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." *Commonwealth v. Vazquez*, 421 Pa.Super. 184, 617 A.2d 786, 787-88 (1992) (citing *Commonwealth v. Chestnut*, 511 Pa. 169, 512 A.2d 603 (Pa.1986), and *Commonwealth v. Brinkley*, 505 Pa. 442, 480 A.2d 980 (Pa.1984)).

*Commonwealth v. Manley*, 985 A.2d 256, 266 (Pa. Super. 2009) (quotation omitted), *appeal denied,* 996 A.2d 491 (Pa. 2010). Further, while it is well-settled that references to a defendant's prior criminal activity are not permitted to demonstrate a defendant's bad character or proclivity for criminal behavior,

[n]ot all references which may indicate prior criminal activity require reversal. Mere passing references to criminal activity will not require reversal unless the record indicates that prejudice resulted from the reference. *Commonwealth v. Blystone*, 555 Pa. 565, 725 A.2d 1197, 1204–05 (1999). "The nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." *Commonwealth v. Richardson*, 496 Pa. 521, 437 A.2d 1162, 1165 (1981) (citation omitted).

*Commonwealth v. Guilford*, 861 A.2d 365, 370 (Pa. Super. 2004). Moreover,

"If evidence of prior criminal activity is inadvertently presented to the jury, the trial court may cure the improper prejudice with an appropriate cautionary instruction to the jury." *Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008), *appeal denied*, 600 Pa. 739, 964 A.2d 1 (2009). It is imperative for the trial court's instruction to be "clear and

- 5 -

specific, and must instruct the jury to disregard the improper evidence." *Id.*

*Commonwealth v. Thompson*, 106 A.3d 742, 753 (Pa. Super. 2014).

Nunnally's complaint focuses on Butler's response to the prosecutor's question, "What happened once the officer came?" Butler testified:

> A. I don't even know. I don't even remember. I—if I — **there's been so many times they came and cuffed him for different times**, and it's been back in June. I know the day they asked me if I was okay, did I want an ambulance, I remember that and I said yes. And they took me down, put me in the thing, the bed or gurney whatever and took me to the hospital.

N.T., 1/12-13/2016, at 49 (emphasis supplied). After Butler's direct examination was completed and the jury left the courtroom for a break, counsel for Nunnally requested a mistrial based on the above testimony. *See id.* at 59. When the trial court denied the motion, counsel requested a curative instruction. The court stated it would be "happy to entertain a curative instruction" and asked counsel to draft one. *See id.* at 60.

Once the testimony was completed and the jury was excused from trial, the court discussed several points for charge submitted by the parties. With regard to the issue herein, the court stated:

> [D]efense counsel has requested an instruction to the effect of testimony regarding prior contact with police and/or detention prior to the June 9[th], 2015 indent (sic) may not be considered as substantive or circumstantial evidence in determining the outcome of this case or something to the effect that in reference to the issues of what occurred on the 9[th].
>
> I'm inclined to grant the substance of that proposed instruction.

*Id.* at 123. However, the next day, the trial court provided the following jury instruction with regard to Nunnally's prior bad acts:

> Furthermore, the defendant is presumed innocent throughout this trial unless and until you conclude based upon careful and impartial consideration of the evidence that the Commonwealth has proven his guilt beyond a reasonable doubt.

> The reason I'm emphasizing that, there has been on several occasions through the course of the trial where there's reference to an arrest on a matter or detention on a matter. Again, an arrest is a means by why a charge is initiated; it's not evidence of a charge. So therefore, you can't consider an arrest as having any direct or indirect or circumstantial evidence of anything. So that's why that presumption is so important.

*Id.* at 125-126. Counsel for Nunnally did not object to the court's charge as given, and, indeed, when asked at the conclusion of the charge if there was anything else that "should be added or clarified," counsel responded, "No." *Id.* at 142.

On appeal, Nunnally claims the testimony of Butler prejudiced him because her comment gave the impression that police were called to the apartment so often, she had a difficult time remembering the specific incident on trial. *See* Nunnally's Brief at 12. He states: "It can [] be inferred that [Nunnally] broke the law and possibly incurred some criminal charges from those numerous police contacts." *Id.* at 13-14. Further, he argues the court's curative instruction "does not cure the prejudice [the comment] caused." *Id.* at 13.

Preliminarily, we note Butler's comment regarding Nunnally's purported prior bad acts was a passing reference, and not intentionally

elicited by the Commonwealth. **See Guilford**, **supra**. Indeed, after she made the comment, the prosecutor did not question Butler regarding the "many times" the police were called to the apartment, but rather, re-focused the examination on her visit to the hospital. **See** N.T., 1/12-13/2016, at 49-50. The court explained in its opinion: "This Court does not believe Ms. Butler's single statement rises to the level of prejudice required for a mistrial." Trial Court Opinion, 8/24/2016, at 9. We find no abuse of discretion.

Moreover, while we agree the cautionary instruction provided by the trial court was less than specific in advising the jury to disregard Butler's reference to possible prior criminal activity, we find any challenge to the jury charge waived. As noted above, the trial court explicitly asked both counsel if there was anything that needed to be "added or clarified" and Nunnally's counsel responded, "No." N.T., 1/12-13/2016, at 142. Accordingly, no relief is warranted.

In his second issue, Nunnally contends the verdict is against the weight of the evidence. He underscores Chynna's testimony that she observed the argument between Nunnally and Butler, and never saw Nunnally punch Butler. **See** Nunally's Brief at 14-15. Further, Nunnally maintains there was no physical evidence recovered at the scene to corroborate Butler's accusation that Nunnally punched her repeatedly in the head. **See id.** at 15. He explains:

Officer Garrett Miller testified no blood evidence was found or collected at the scene, and no blood was found on [Nunnally] or his clothes. Officer Miller testified that he did not find any blood evidence inside the apartment. No blood was found on [Nunnally's] hands. No blood was found on [Nunnally's] clothes. No blood was found on the bed where the incident was alleged to have taken place.

*Id.* at 15.

Our review of a weight claim is well-established:[5]

The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock one's conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Rosser**, 135 A.3d 1077, 1090 (Pa. Super. 2016) (*en banc*), *quoting* **Commonwealth v. Gonzalez**, 109 A.3d 711, 723 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1196 (Pa. 2015) (citations omitted).

---

[5] We note Nunnally properly preserved his weight of the evidence claim by raising the issue in a timely post-sentence motion before the trial court. **See** Pa.R.Crim.P. 607(A)(3).

Upon our review of the record, we find no reason to disturb the ruling of the trial court. Although both Nunnally and Chynna testified that he did not assault Butler, the jury was free to believe Butler's testimony to the contrary. Considering Chynna is Nunnally's daughter, and, admittedly, had been drinking on the night of the incident,[6] we agree with the trial court's determination that the jury's credibility assessment does not shock one's sense of justice. **See** Trial Court Opinion, 8/24/2016, at 8. Furthermore, the lack of blood evidence on Nunnally or in the bedroom where the assault occurred is irrelevant. Officer Miller testified that when he arrived at the scene, he found Butler "visibly upset and bleeding from the head." N.T., 1/12-13/2016, at 77. Based upon the witnesses' testimony and the circumstantial evidence presented, the jury's determination Nunnally assaulted Butler is not "so contrary to the evidence as to shock one's sense of justice." **Rosser**, **supra**, 135 A.3d at 1090. Accordingly, we find no abuse of discretion on the part of the trial court in denying Nunnally's weight challenge.

Judgment of sentence affirmed.

---

[6] **See** N.T., 1/12-13/2016, at 105.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2017