J-S45035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRKIM TYREAF STALLINGS | : | |
| | : | |
| Appellant | : | No. 1563 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 8, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000108-2021

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: FEBRUARY 12, 2024**

Barrkim T. Stallings, Appellant, appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County on September 8, 2022. We affirm.

The facts and procedural history are as follows: Appellant was the neighbor of the victim. N.T. at 209. The victim was twelve years old at the time and lived with her mother and sister. N.T. at 208, 218. Her mother worked from 3:00 p.m. to 3:00 a.m. and typically arrived home around 3:30 a.m. N.T. at 190. On October 4, 2020, in the early morning hours before the mother arrived home from work, Appellant went to the victim's residence claiming to need to use the phone. N.T. at 209, 358. The victim testified that Appellant complimented her and tried to kiss her. N.T. at 210-11. She declined

---

[*] Former Justice specially assigned to the Superior Court.

his advances, said she was only twelve, asked him to leave, and took her sister to bed. *Id*. Appellant returned to the victim's residence, took her to her bed, fell on top of her, and began sexually assaulting her. N.T. at 213. He forced her to touch his penis and penetrated her vaginally, anally, and orally with it. He also penetrated her vagina with his fingers and licked it with his tongue. N.T. at 214-16. He fell asleep in the victim's bed and when the mother returned home from work, she called the police. N.T. at 217. The victim was taken to the Wilkes-Barre General Hospital for examination and treatment, and then to Children's Advocacy Center for interviews. N.T. at 224-25.

On February 19, 2021, the Commonwealth filed a six-count criminal information which charged the Appellant with rape of a child, 18 Pa.C.S.A. § 3121(C), statutory sexual assault, 18 Pa.C.S.A. § 3122.1(b), involuntary deviate sexual intercourse with a child, Pa.C.S.A. § 3123(b), aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(b), burglary, 18 Pa.C.S.A. § 3502(A)(1)(i), and corruption of minors, 18 Pa.C.S.A. § 6301(A)(1)(ii). The trial commenced on May 16, 2022. Fourteen witnesses, including the victim, her mother, police officers, and hospital personnel, testified for the Commonwealth, and five witnesses testified for the defense, including Appellant. At the conclusion of trial, the jury rendered its verdict, which convicted Appellant on all counts. Appellant was sentenced on October 12, 2022, to an aggregate sentence of 21 to 42 years in a state correctional facility. Appellant filed counseled post-sentence motions on September 8,

2022, which were denied by order dated October 12, 2022. This appeal followed.

Appellant raises two issues in his brief:

1. Did the trial court err in refusing to grant a mistrial when the Commonwealth, during closing argument, argued that the Defense counsel presented the jury with red herrings, reiterating what had been stated and objected to during opening statements, which not only personally attacked defense counsel but, also, backed by the authority of the Commonwealth as the prosecutor represented to the jury that the defense had acted deceptively, and improperly attacked defense counsel and the Appellant's credibility with the intent to inflame the passions of the jury and deprive the Appellant of a fair trial?
2. Did the trial court err in refusing to grant a mistrial when the Commonwealth referred to the Appellant as a "child rapist" thereby expressing an opinion as to the Appellant's guilt and vouching for the credibility of its own evidence and testimony with the intent to inflame the passions of the jury and deprived the Appellant of a fair trial?

Appellant's Br. at 4.

The following standards govern our review of the denial of a motion for mistrial:

In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, . . . assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court

- 3 -

abused its discretion. Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

**Commonwealth v. Lettau**, 955 A.2d 360, 363 (Pa. Super. 2008), reversed on other grounds, 986 A.2d 114 (Pa. 2009) (citations, quotations, and quotation marks omitted).

A prosecutor's remarks in opening statements must be fair deductions from the evidence the Commonwealth intends to offer, which the prosecutor believes, in good faith, will be available and admissible at trial. **Commonwealth v. Fultz**, 386 A.2d 513, 516 (Pa. 1978). In closing arguments, a prosecutor may comment on the evidence and any reasonable inferences arising from the evidence. **Commonwealth v. Daniels**, 644 A.2d 1175, 1184 (Pa. 1994). Moreover, with specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that any challenged prosecutorial comment must not be viewed in isolation, but rather must be considered in the context in which it was offered. **Commonwealth v. Correa**, 664 A.2d 607 (Pa. Super. 1995). Our review of a prosecutor's comment and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial. **Commonwealth v. Rios**, 721 A.2d 1049 (Pa. 1998). Thus, it is well settled that statements made by the prosecutor to the jury during closing argument will not form the basis for granting a new trial "unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility

toward the defendant so they could not weigh the evidence objectively and render a true verdict." ***Commonwealth v. Fletcher***, 861 A.2d 898, 916 (Pa. 2004) (quotation and quotation marks omitted).

The appellate courts have recognized that not every unwise remark by an attorney amounts to misconduct or warrants the grant of a new trial. ***Commonwealth v. Faulkner***, 595 A.2d 28 (Pa. 1991). Additionally, the prosecutor is permitted to fairly respond to points made in the defense's closing, and therefore, a proper examination of a prosecutor's comments in closing requires review of the arguments advanced by the defense in summation. ***See Commonwealth v. Trivigno***, 750 A.2d 243, 249 (Pa. 2000) (plurality opinion) ("A remark by a prosecutor, otherwise improper, may be appropriate if it is in fair response to the argument and comment of defense counsel") (citing ***United States v. Robinson***, 485 U.S. 25, 31, (1988)); ***Commonwealth v. Marrero***, 687 A.2d 1102, 1109 (Pa. 1996). Moreover, "prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." ***Commonwealth v. Jones***, 668 A.2d 491, 514 (Pa. 1995).

Appellant's first issue regards the prosecutor's use of the term "red herring" in the Commonwealth's opening statement and in its closing argument. Specifically, Appellant argues that the prosecutor's definition of a red herring suggests to the jury that "Appellant and his counsel were engaged in fraud or deceitful conduct to trick the jury." Appellant's Br. at 29. He argues that the prosecutor's comments were inflammatory, and the judge's curative

instruction was insufficient because it simply "asked" but did not "direct" the jury to disregard the "red herring" statement. Appellant's Br. at 41.

In the Commonwealth's opening statement, after explaining the charges and some of the elements of those crimes, she stated:

> The defendant doesn't have to present a defense, but if he does, I want you to pay special attention for red herrings. What are red herrings? Their legal or factual issues that are irrelevant and used to divert attention away from the main issues in the case. So if the defense asks questions of witnesses, ask yourself in those cross-examinations, is this line of questioning essential to the elements of the offense that the DA told us about? Or is this an attempt to distract and divert our attention to non-important issues? Please pay attention for those red herrings.

N.T. at 35.

After the prosecutor's opening statement, the defense objected during a sidebar to the use of the term "red herring." The learned trial court overruled the objection. Relevantly, during the prosecutor's closing argument, she stated:

> You also recall that I suggested that if he did present any kind of defense, to look out for red herrings. I told you that a red herring was a legal or factual issue that is irrelevant and that is used to divert attention away from the relevant facts and elements of the case, and to ask yourself while you were listening to the evidence does this have anything to do with the facts of this case or is this something that's to divert or distract our attention.
> Well, we just heard some red herrings I think and I'll briefly review them.

N.T. at 402-407.

On this issue the trial court stated,

> It is axiomatic that such comments are viewed with disfavor. However, noting that the Appellant is entitled to a fair trial, not a

- 6 -

perfect trial, we resolved that these remarks did not so inflame, distract, or mislead the jury as to warrant a new trial. The remark was only a small part of the prosecutor's opening statement, the balance of which was not objectionable. We also observe that "red herring," as defined by the prosecutor, did not call the Appellant a liar, but instead cautioned the jury not to be misled by defense counsel. We discern this meaning as analogous to the comments regarding "smoke screens", "getting diverted" or sent down "side roads" which have previously been held not to have so inflamed, distracted or mislead the jury so as to warrant a new trial. **See Commonwealth v. Basile**, 458 A.2d 587 (Pa Super 1983), **See also Commonwealth v. Rucci**, 670 A.2d 1129, (Pa. 1996). For each of these reasons, Appellant's allegation of error fails.

Tr. Ct. Op. at 15.

We agree. The trial court and Appellee both rely on **Commonwealth v. Judy**, 978 A.2d 1015 (Pa. Super. 2009), and we believe **Judy** governs this matter. In that case, the prosecutor characterized the defense as a series of "red herrings" and we considered if such a remark warranted a mistrial. We noted instances of a prosecutor calling the defense a "smoke screen" or commenting that the defense is confusing the jury that have not warranted a mistrial because the comments did not inflame, distract, or mislead the jury. **Id.** at 1024-25. We concluded that the "red herring" comment did not inflame the jury and was proper in response to the defense closing. **Id.** at 1026.

In a more recent case, a prosecutor essentially made fun of defense counsel, pointing out to the jury how the defense attorney "fumbled" with photographs. **Commonwealth v. Roberts**, 225 A.3d 1196 (Pa. Super.

2019).[1] Defense counsel objected, and the judge admonished the prosecutor at sidebar for making such personal comments. The prosecutor went on to state to the jury that defense counsel did not want to "grasp reality," was "playing games," and was "speaking in hypotheticals." *Id.* at \*6. We held that the comments were permissible because they were in response to the defense's arguments, and because the trial court gave a curative instruction. *Id*.

Here, the so-called "red herrings" that the prosecutor pointed out were in direct response to the defense's closing argument. In attempt to poke holes in the Commonwealth's case, the defense's closing argument asked the jury to consider why certain facts or details in the Commonwealth's case do not add up. The prosecutor calling those things "red herrings" in attempt to reframe the defense's interpretation of the evidence or to highlight irrelevancies, and in asking the jury to focus on which evidence satisfied which elements of the case was appropriately responding, albeit with permissible oratorical flair, to defense counsel's closing argument. *See Commonwealth v. Miller*, 172 A.3d 632, 644 (Pa. Super. 2017); *Jaynes*, 135 A.3d at 615.

Furthermore, the trial court gave a curative instruction that counsel's closing arguments are not evidence:

---

[1] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandum cited *supra* and find it to be persuasive in this matter.

> Ladies and gentlemen, I just want to give you a brief instruction. It's called a curative instruction. And just ask that you disregard the statements made by the Commonwealth's closing argument referring to certain items as red herrings or arguments made by defense counsel as being red herrings in as much as that term could be construed by you in some manner to try to inflame your passions or the like. Again, the statements of counsel are not evidence. It is your recollection of the evidence and testimony that governs. So I just wanted to give you that cautionary instruction.

N.T. at 418.

We presume that the jury followed this instruction. **See Commonwealth v. Jemison**, 98 A.3d 1254, 1263 (Pa. 2014). This was sufficient to cure any alleged prejudicial effect from the prosecutor's statements, and we are not persuaded by Appellant's argument that the judge did not "direct" the jury to disregard the comments but instead "asked." None of the comments had the "unavoidable effect" of "prejudic[ing] the jury." Thus, we find no abuse of discretion.

Appellant's second issue is that the trial court erred in not granting a mistrial when the prosecutor referred to Appellant as a "child rapist" in the Commonwealth's closing argument. Appellant's Br. at 43. Specifically, Appellant contends that such a determination ought to be left to the jury. Additionally, Appellant argues that the curative instruction by the trial court was insufficient as it did not ask the jury to disregard the "child rapist" characterization. **Id.** at 48.

> The decision to declare a mistrial is within the sound discretion of the court and will not be reversed absent a "flagrant abuse of discretion." **Commonwealth v. Cottam**, 420 Pa.Super. 311, 616 A.2d 988, 997 (1992); **Commonwealth v. Gonzales**, 415 Pa.Super. 564, 570, 609 A.2d 1368, 1370-71 (1992). A mistrial is

- 9 -

> an "extreme remedy . . . [that] . . . must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial." ***Commonwealth v. Vazquez***, 421 Pa.Super. 184, 617 A.2d 786, 787-88 (1992) (citing ***Commonwealth v. Chestnut***, 511 Pa. 169, 512 A.2d 603 (1986), and ***Commonwealth v. Brinkley***, 505 Pa. 442, 480 A.2d 980 (1994)). A trial court may remove taint caused by improper testimony through curative instructions. ***Commonwealth v. Savage***, 529 Pa. 108, 602 A.2d 309, 312-13; ***Commonwealth v. Richardson***, 496 Pa. 521, 437 A.2d 1162 (1981). Courts must consider all surrounding circumstances before finding that curative instructions were insufficient and the extreme remedy of a mistrial is required. ***Richardson***, 496 Pa. at 526-527, 437 A.2d at 1165. The circumstances which the court must consider include whether the improper remark was intentionally elicited by the Commonwealth, whether the answer was responsive to the question posed, whether the Commonwealth exploited the reference, and whether the curative instruction was appropriate. ***Id.***

***Commonwealth v. Bracey***, 831 A.2d 678, 682 (Pa. Super. 2003) (citing

***Commonwealth v. Stilley***, 689 A.2d 242, 250 (Pa. Super. 1997)).

A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments. ***Commonwealth v. Spotz***, 47 A.3d 63, 97 (Pa. 2012) (quoting ***Commonwealth v. Spotz***, 18 A.3d 244, 288 (Pa. 2011) (additional citations omitted)). Moreover, not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. ***Commonwealth v. Cox***, 983 A.2d 666, 687 (Pa. 2009). "Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict." ***Id***. Here, the relevant remark appears at the end of the Commonwealth's closing argument:

> One of the last things he said to you yesterday before he got off the stand is, I'm a honest guy. You know he's not. He admitted dishonest when he pled guilty to that crime of dishonesty. He's dishonest, and *he's a child rapist*. End [the victim]'s nightmare and find him guilty.

N.T. at 417 (emphasis added).

Immediately at the conclusion of this argument, defense counsel objected during a sidebar and moved for a mistrial due to the prosecutor's characterization as a child rapist. N.T. at 417-18. The court denied the motion but advised the attorneys that it would give a curative instruction. N.T. at 418. The trial court then instructed the jury, in relevant part:

> And obviously, the characterization, while it is argumentive [sic] of the defendant being a child rapist, that's one of the charges and allegations made at this point. At this point, the defendant remains under the cloak of innocence and is not deemed as such.

N.T. at 419.

The "unavoidable effect" of this isolated comment by the prosecutor cannot be said to have prejudiced the jury to the point that a mistrial was required. The term "child rapist" was used after the jury had already heard the testimony and evidence which sought to prove beyond a reasonable doubt that Appellant committed, *inter alia*, rape of a child under 18 Pa.C.S. § 3121(c). While we agree it was an argumentative statement, it was properly asserted in the closing argument where it may not have been proper in an opening statement. *See Commonwealth v. Hutchison* 164 A.3d 494, 499 (2017) ("Remarks in a prosecutor's opening statement must be fair deductions from the evidence which [s]he in good faith plans to introduce and not mere

assertions designed to inflame the passions of the jury."); **compare with**

**Commonwealth v. Daniels**, 644 A.2d 1175, 1184 (Pa. 1994) ("It is well

settled that a prosecutor may properly comment upon the evidence and is

permitted to argue in closing arguments any reasonable inferences arising

from the evidence."). Viewing the statement in context, as we must, the

transcript shows that leading up to the "child rapist" characterization, the

prosecutor had listed for the jury the crimes and definitions with which

Appellant was charged. The prosecutor connected a piece of evidence from

the trial to each element of the crimes to prove to the jury that each element

was satisfied. After showing how she satisfied her burden, she stated that

Appellant was a "child rapist," a reasonable inference arising from the

evidence she had just laid out, and that he should be found guilty as such.

> The trial court stated,

> We are resolved that our cautionary instruction eliminated what, if any, prejudicial effect that the term had on the defendant's trial. Counsel only used the term once. The Appellant then was charged with rape of a child. The comment, taken in context with the offenses charged and the evidence presented at trial, was not at all likely to inflame the prejudices of the jurors.

Tr. Ct. Op. at 24.

We agree that the curative instruction was sufficient. The trial court did

not ask the jury to disregard the "child rapist" argument and did not need to.

The trial court protected Appellant's constitutional presumption of innocence

and Sixth Amendment right to a fair trial by properly ensuring the jury

understood that the prosecutor's characterization was simply an argument as

to the crime charged in this case and that "the defendant remains under the cloak of innocence and is not deemed as such."

Since we find no abuses of discretion by the trial court, Appellant's claims fail. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024