613 A.2d 542

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leo YATES, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted April 8, 1992.

Decided Sept. 16, 1992.

Shelley Stark, Chief–Appellate Div., Office of the Public Defender, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Kemal A. Mericli, Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

In 1989, in a trial by jury in the Court of Common Pleas of Allegheny County, the appellant, Leo Yates, Jr., was convicted of two violations of the Controlled Substance, Drug, Device and Cosmetic Act, to wit, possession with intent to deliver, 35 P.S. § 780–113(a)(30), and possession, 35 P.S. § 780–113(a)(16). Appellant was sentenced to a three to six year term of imprisonment, and a fine of fifteen thousand dollars was imposed. An appeal was taken to the Superior Court. In a memorandum decision, the judgment of sentence was affirmed 411 Pa.Super. 671, 593 A.2d 916. The present appeal, by allowance, ensued. We reverse.

The factual background of this case is. as follows. On September 12, 1988, a police officer in the City of Pittsburgh received a phone call from a confidential informant. The informant told the officer that a black male in his early 20's, 6' 4" tall, weighing 270 lbs., and wearing a black and red Adidas sweatshirt and pants and white tennis shoes was selling drugs in the 600 block of Brushton Avenue. The 600 block of Brushton Avenue is known to be a concentrated drug trafficking area. The officer quickly notified undercover officers in the vicinity of Brushton Avenue and made arrangements for himself and three other officers to immediately converge upon the scene. Upon arriving there, they noticed a black male

who met the exact description given by the informant. The suspect was carrying a brown paper bag and began to run when he saw an unmarked police car arrive at the scene.

The suspect, to wit, appellant, was stopped and searched. Inside the brown paper bag that appellant had been carrying were seventy-four packets of white powder containing cocaine and $105.00 in cash. An additional fourteen packets of this substance and $86.00 in cash were in appellant's pocket. The total weight of all of the packets containing cocaine was 13.7 grams. Accordingly, upon his subsequent conviction, appellant was sentenced under the mandatory sentencing provision, 18 Pa.C.S. § 7508(a)(3)(ii), which applies to cases where the amount of the substance seized was at least 10 grams. See *Commonwealth v. Corporan,* —— Pa. ——, 613 A.2d 530 (1992).

Appellant contends that the trial court committed reversible error in admitting certain hearsay statements at trial. We agree.

The hearsay statements were contained in testimony given by two police officers, who, in the course of explaining the reason that they converged upon the 600 block of Brushton Avenue, stated that an informant had notified them that a large black male, i.e., appellant, was "dealing drugs" at that location. The trial court upheld the admission of this testimony on the basis that it was necessary to explain the course of police conduct, reasoning that without the testimony the jury would have had no means of knowing why the police went to the 600 block of Brushton Avenue. The court gave a cautionary instruction to the jury, however, stating that appellant was not charged with dealing drugs and that the testimony about drug dealing was admitted only to explain why the police went to Brushton Avenue.

In *Commonwealth v. Palsa,* 521 Pa. 113, 117, 555 A.2d 808, 810 (1989), we addressed the extent to which out-of-court statements may be admitted to explain a course of police conduct, stating,

It is, of course, well established that certain out-of-court statements offered to explain a course of police conduct are

admissible. Such statements do not constitute hearsay since they are not offered for the truth of the matters asserted; rather, they are offered merely to show the information upon which police acted. *Commonwealth v. Sneed,* 514 Pa. 597, 606–07, 526 A.2d 749, 754 (1987)....

Nevertheless, it cannot be said that *every* out-of-court statement having bearing upon subsequent police conduct is to be admitted, for there is great risk that, despite cautionary jury instructions, certain types of statements will be considered by the jury as substantive evidence of guilt. Further, the police conduct rule does not open the door to unbounded admission of testimony, for such would nullify an accused's right to cross-examine and confront the witnesses against him.

The challenged statements in the present case were of a highly incriminating sort. They contained specific assertions of criminal conduct, and, despite the cautionary instruction given by the trial court, were likely to have been understood by the jury as providing substantive evidence of guilt. Inasmuch as appellant was charged with possession of cocaine, and possession of cocaine with intent to deliver, the informant's statement to police that appellant was "dealing drugs" would unavoidably have had a prejudicial impact.

In *Palsa,* 521 Pa. at 119, 555 A.2d at 811, we stated, "It is the prosecutor's duty to avoid the introduction of out-of-court statements that go beyond what is reasonably necessary to explain police conduct." In the present case, the prosecution could easily have explained the course of police conduct without introducing the informant's incriminating statements regarding appellant's drug dealing. Police officers could simply have testified that they acted "upon information received," or words to that effect. We stated in *Palsa,* 521 Pa. at 118, 555 A.2d at 810–11 (quoting McCormick, *Evidence* § 249, at 734 (Cleary 3rd ed. 1984)),

In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct. *His testimony*

*that he acted "upon information received," or words to that
effect, should be sufficient.*

(Emphasis added).

We must balance the prejudice arising from statements
regarding appellant's drug dealing against the prosecution's
need to introduce such statements to explain police conduct.
*Id.* 521 Pa. at 118–19, 555 A.2d at 811. In view of the highly
incriminating nature of the statements, and the available
alternative of merely having police testify that they acted
"upon information received," admission of the statements can-
not be sustained. Appellant is entitled to a new trial.

Judgment of sentence reversed, and a new trial granted.