617 A.2d 786

COMMONWEALTH of Pennsylvania

v.

Francisco Almena VAZQUEZ, Appellant.

Superior Court of Pennsylvania.

Submitted June 3, 1992.

Filed Nov. 16, 1992.

Tony Sangiamo, Holly Springs, for appellant.

John F. Nelson, III, Dist. Atty., Chambersburg, for Com., appellee.

Before MONTEMURO, KELLY, and CERCONE, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether reference to the fact that a defendant's name appeared on a computer list of known drug dealers is sufficiently prejudicial as to require a new trial, notwithstanding curative instructions intended to countermand such prejudice. We find that the statement was irreparably prejudicial and reverse.

The instant appeal stems from the following facts. On May 25, 1990, appellant was charged with two counts of unlawful delivery. A jury trial was held on February 14, 1991. The Commonwealth called Trooper Gregory Stone who testified that, while undercover, he witnessed appellant sell cocaine. In

an effort to demonstrate that Trooper Stone had become confused in his identification of appellant, defense counsel apparently attempted to establish that Officer Stone had engaged in several substantially similar transactions. When asked to explain a typical such transaction, Trooper Stone replied: "We have computers, and we have lists of known drug dealers. And, in this case, the defendant was on the list. I definitely knew he was a drug dealer." N.T. 2/14/91 at 32. A mistrial was requested and denied in favor of a curative instruction.

The jury returned a verdict of guilty on both counts of unlawful delivery against appellant. Appellant's post-trial motion requesting a new trial was denied, and this timely appeal followed.

Appellant contends that the introduction of the officer's testimony constituted reversible error. We agree.

It is well-settled that evidence of crimes unrelated to the charge for which a defendant is being tried is generally inadmissible. *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Turner*, 454 Pa. 439, 311 A.2d 899 (1973). However, not all improper references to prior criminal acts require the award of a new trial. The decision of whether to declare a mistrial in a criminal prosecution is within the sound discretion of the trial court and will not be reversed on appeal absent abuse of discretion. *Commonwealth v. Reed*, 400 Pa.Super. 207, 583 A.2d 459 (1990); *Commonwealth v. Nelson*, 389 Pa.Super. 417, 567 A.2d 673 (1989); *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984). Moreover, this Court has held that the extreme remedy of a mistrial is not automatically required if it is determined that the inference of prior criminality was innocuous and that effective curative instructions were immediately given. *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977); *Commonwealth v. Bruner*, 388 Pa.Super. 82, 564 A.2d 1277 (1989); *Commonwealth v. Fernandez*, 333 Pa.Super. 279, 482 A.2d 567 (1984). Indeed, a mistrial must be granted only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial.

*Commonwealth v. Chestnut,* 511 Pa. 169, 512 A.2d 603 (1986); *Commonwealth v. Brinkley,* 505 Pa. 442, 480 A.2d 980 (1984); *Commonwealth v. Kubiac,* 379 Pa.Super. 402, 550 A.2d 219 (1988); *Commonwealth v. Larkins,* 340 Pa.Super. 56, 489 A.2d 837 (1985). Consideration of all the circumstances is necessary in determining whether an instruction can cure the exposure of improper evidence to the jury. *Commonwealth v. Richardson,* 496 Pa. 521, 526, 437 A.2d 1162, 1165 (1981). Among the circumstances to be considered are whether the remark was intentionally elicited by the Commonwealth, whether the Commonwealth exploited the reference, whether the answer is responsive to the question asked, and whether curative instructions were given were significant. *Commonwealth v. Richardson, supra; Commonwealth v. Gaerttner,* 335 Pa.Super. 203, 484 A.2d 92 (1984).

In *Commonwealth v. Rivers,* 238 Pa.Super. 319, 357 A.2d 553 (1976), a witness for the prosecution replied non-responsively on cross-examination by defense counsel that the defendant said "he had done a lot of federal time before." This Court held that "because this is a clear indication of prior criminal activity, and because such activity will predispose the jury to find appellant guilty, prejudicial error has been committed." *Rivers,* at 238 Pa.Super. at 323, 357 A.2d at 555. *See also Commonwealth v. Wetzel,* 276 Pa.Super. 445, 419 A.2d 541 (1980).

The testimony at issue in this case consists of the following dialogue during cross-examination of the Commonwealth's only witness.

Q. Were the purchases that you made in other than the ones that formed the basis of this complaint done similarly in the same fashion or at least similar fashion as to the purchase that was made in this situation?

A. Some could be similar. I don't always make a buy in somebody's residence. It could be in a bar, could be in a parking lot. It could be with several other individuals involved. It could be by myself.

Q. Maybe I could be more specific and that might help you some. Specifically, an approach would be made to an

individual, ask that individual if he can provide cocaine for you. And then as you testified here, if possible, make the transaction, take the evidence, field-test it, submit it to the lab following that same pattern?

A. Yeah, that is correct. Normally when I work an undercover investigation in areas, we usually—we have computers and we have lists of known drug dealers. And in this case the defendant was on the list. I definitely knew he was a drug dealer.

N.T. of 2/14/92 at 31–32.

The record indicates that the answer by Trooper Stone was not responsive to the question asked by defense counsel. Trooper Stone was asked to describe the drug purchase process starting at the approach of alleged drug dealers. There was no proper reason for Trooper Stone to mention that appellant was on a computer list of known drug dealers and that he "definitely knew he was a drug dealer."

Moreover, although cautionary instructions were promptly given, they could not have cured the unavoidable prejudice suffered by such a remark. This was not a passing reference. The officer's intent was unquestionably to convince defense counsel and/or the jury of the certainty of the identification by supporting it through reference to something arguably not susceptible to the same type of human error, *i.e.* a computer list of "*known* drug dealers." Such a list would, even if reliable, show nothing more than appellant's propensity to commit the very crime for which he was standing trial. It is *precisely* this reasoning that the rule against admitting bad acts is intended to proscribe.

In sum, although we are otherwise inclined to defer to the trial court's superior vantage in assessing the probable impact of the challenged testimony on the jury, and notwithstanding the fact that the Commonwealth did not exploit or elicit this testimony, we are convinced that the unavoidable effect of this testimony was to deprive appellant of a fair trial. The record indicates that Trooper Stone was the only witness for the Commonwealth. The arrest of appellant was made approximately eight months after the alleged crimes were committed.

The prejudicial testimony of Trooper Stone and the fact that the evidence against appellant was minimal, convinces us that appellant is entitled to a new trial.

Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.

CERCONE, J., filed a dissenting opinion.

CERCONE, Judge, dissenting.

My esteemed colleagues in the majority conclude that Trooper Stone's remark was irreparably prejudicial and that a new trial is therefore required. I cannot agree.

The record shows that following the testimony to which appellant objects, the court immediately held a brief sidebar conference during which counsel for appellant requested a mistrial or cautionary instructions. The lower court denied the request for a mistrial, but forthwith gave the jury the following instruction:

THE COURT: Members of the jury, defense counsel has been asking a lot of questions to Trooper Stone about how they go about their investigations, and what information they used, and Trooper Stone told you they use a computer thing of people they suspect or know.

And I'm going to ask you to disregard the last statement that on their computer he showed up as a known drug dealer. There is—we don't know how that information got in the computer. It certainly is not evidence that the Commonwealth can use.

You have taken an oath to decide the case on the evidence you hear in court today and the Court instructs you to disregard that statement of the Trooper in your deliberations.

After this instruction was given, defense counsel thanked the court and trial proceeded. No further mention was made at trial of Trooper Stone's remark.

When viewed in the context of the whole trial, I am of the opinion that the lower court's cautionary instruction was adequate. The improper testimony was quickly stricken by the

court and an instruction to disregard the statement was promptly issued. Thereafter, there was no further mention of the witness' remark. Furthermore, Trooper Stone's improper statement was not elicited by the Commonwealth, but by defense counsel. The Commonwealth made no attempt to exploit the remark.

Unlike the majority, I would not characterize the evidence against appellant at trial as minimal. The evidence was direct that the trooper personally purchased drugs from appellant on two separate occasions. After the purchases, the trooper testified that he placed the contraband in clearly marked envelopes which remained in his possession until the purchased substances were verified as illegal drugs. I cannot characterize such explicit and direct evidence of appellant's guilt as minimal, despite the fact that it was given by only one witness.

In *Commonwealth v. Yates,* 531 Pa. 373, 613 A.2d 542 (1992), the Pennsylvania Supreme Court held that the testimony of a police officer that he had been notified by an informant that appellant had been "dealing drugs" at a certain location was prejudicial error requiring a new trial. The court held thus despite the fact that the lower court had given the jury a cautionary instruction to the effect that Yates was not before them on a charge of drug dealing, and that the officer's testimony was admitted only to explain why the police had gone to the location where they arrested Yates.

The instant case differs from *Yates* in several significant aspects. Here, the lower court did not permit the offensive testimony to be admitted for any reason, but immediately struck it from the record and provided the jury with an unmistakable instruction that they were not to consider the unfortunate remark for any purpose in their deliberations. In addition, the properly admitted evidence of guilt in the present case was far more incriminating than was the evidence against the defendant in *Yates.* In *Yates,* the police converged on the site of Yates' arrest in response to a phone call from an informant that a "large black male" had been "dealing drugs" at the location. When the police arrived at the scene, they

saw Yates, a man who matched the informant's description, carrying a large brown bag. Yates began to run when he saw the unmarked police car. The police did not observe Yates engage in any drug transaction; thus, the hearsay statement of the informant that he saw Yates "dealing drugs" could have served to supply the jury with an additional piece of evidence which would have filled in the missing element in the body of circumstantial evidence which the Commonwealth had assembled against Yates.

In contrast, the evidence in the instant case was that Trooper Stone had personally engaged in two separate drug transactions with appellant, and in both of those instances, appellant himself had sold the trooper illegal drugs. In the face of such direct and explicit evidence of appellant's identity and guilt, the improper remark of Trooper Stone did not possess the *quantum* of prejudice that the statement of the policeman did in *Yates*. Trooper Stone's reference to the police computer files did not serve to supply the jury with any additional information which it needed to fill in the gaps in the Commonwealth's evidence, as there were no such missing elements here. As such, and in light of the immediate corrective response of the lower court, Trooper Stone's improper reference constituted harmless, curable error.

The taint resulting from an improper reference to prior criminal activity may, in an appropriate case, be removed by a cautionary instruction without resort to the extreme remedy of aborting an otherwise fair trial. *Commonwealth v. Richardson*, 496 Pa. 521, 437 A.2d 1162 (1981); *Commonwealth v. Povish*, 479 Pa. 179, 387 A.2d 1282 (1978). I would find, as did the lower court in its well-reasoned opinion, that the cautionary instruction provided immediately after Trooper Stone's remark was sufficient to cure the prejudice which may have inured to appellant. Especially in light of the overwhelming evidence of his guilt, accordingly, I deem it unnecessary to grant appellant a new trial, and would affirm the judgment of sentence.