J-S41038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOANILEE MONTANEZ | : | |
| | : | |
| Appellant | : | No. 1530 EDA 2017 |

Appeal from the PCRA Order April 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009567-2010

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED AUGUST 15, 2018**

Appellant, Joanilee Montanez, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR WHEN IT DENIED APPELLANT'S PCRA PETITION WHERE PCRA COUNSEL RENDERED INEFFECTIVE [ASSISTANCE] FOR NOT ADVANCING A MERITORIOUS CLAIM THAT DIRECT APPEAL COUNSEL WAS

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The PCRA court also granted counsel's motion to withdraw as counsel on April 11, 2017.

---

*   Former Justice specially assigned to the Superior Court.

INEFFECTIVE FOR NOT RAISING ON APPEAL THAT THE TRIAL COURT [ERRONEOUSLY] ADMITTED HEARSAY IDENTIFICATION TESTIMONY OF SEVERAL WITNESSES.

DID THE [PCRA] COURT ERR WHEN IT DENIED APPELLANT'S PCRA PETITION WHERE PCRA COUNSEL HAD RENDERED INEFFECTIVE [ASSISTANCE] FOR FAILING TO ADVANCE A MERITORIOUS CLAIM THAT DIRECT APPEAL COUNSEL WAS INEFFECTIVE FOR NOT RAISING ON APPEAL THAT TRIAL COUNSEL WAS INEFFECTIVE FOR: (A) FAILING TO OBJECT TO PREJUDICIAL ARGUMENTS[;] (B) FAILING TO OBJECT TO THE ADMISSION OF INFLAMMATORY PHOTOGRAPHS[;] (C) FAILING TO OBJECT TO THE TRIAL COURT'S DECISION NOT TO REMOVE AN UNTRUTHFUL JUROR [DUE] TO HIS NATIONALITY.

DID THE [PCRA] COURT ERR WHEN IT DENIED APPELLANT'S PCRA PETITION WHERE PCRA COUNSEL FAILED TO AMEND AND CURE [THE] PETITION.

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v.**

*Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rose Marie DeFino-Nastasi, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed September 11, 2017, at 3-13) (finding: **(1)** no hearsay was elicited during testimony of Angela Ledino because she was impeached only with her prior statement that recounted statement Appellant had made to her; Appellant also challenges testimony of Miriam Acevedo and Zeleica Diaz, recounting what witness David Montes told them, as alleged hearsay; trial counsel objected to admission of those statements, but court overruled objection and appellate counsel did not challenge court's ruling on appeal; specifically, Mr. Montes testified he was present when Appellant shot Decedent, but Mr. Montes did not report homicide until he was arrested on drug offense over one month later; after Mr. Montes gave statement about homicide, Commonwealth charged Mr. Montes with conspiracy, but those charges were ultimately dismissed; at Appellant's trial, defense offered theory that Mr. Montes' statement to detectives about Appellant's involvement in homicide was fabricated to get Mr. Montes out of trouble; defense counsel thoroughly cross-examined Mr. Montes about his delay in reporting homicide; to rehabilitate Mr. Montes' credibility, Commonwealth presented testimony from Miriam Acevedo and Zeleica Diaz,

that Mr. Montes had told them Appellant shot Decedent, as early as night of incident and two weeks later; statements at issue were non-hearsay because they were not offered for truth of matter asserted, *i.e.*, that Appellant shot Decedent; rather, Commonwealth elicited testimony from witnesses, per Rule 613(c), to rehabilitate Mr. Montes' testimony from attack of recent fabrication; moreover, even if court's admission of statements at issue was erroneous, error was harmless, in light of overwhelming evidence of identification of Appellant as shooter by other eyewitnesses; appellate counsel cannot be deemed ineffective for failing to raise meritless claim on appeal, and PCRA counsel similarly was not ineffective for declining to pursue it; **(2)** at trial, Commonwealth admitted photo of crime scene that depicted Decedent's body covered by sheet with blood on it; photo was shown to give overall view of crime scene; fact that photo depicted blood does not necessarily render it gruesome and inflammatory; court would not have granted Appellant mistrial had trial counsel moved for mistrial on that basis; Commonwealth used photo of overall crime scene so jury could envision distance, lighting, and ability of eyewitnesses to make their observations; as this issue lacks merit, all of Appellant's related ineffectiveness claims fail; in opening statement, prosecutor stated evidence would show Appellant was guilty of crimes charged, which did not constitute personal opinion; prosecutor's comments during closing arguments were oratorical flair, illustrating that jurors must be true to their "solemn duty" to do justice even if that task is difficult;

prosecutor's comments were not improper, and Appellant's related ineffectiveness claims fail; during trial, one juror was almost one hour late for court and delayed proceedings; juror initially said he had been in accident; upon further questioning, juror admitted he had overslept; court did not remove juror but stated if juror showed up late on following day, court would remove him; juror was on time for duration of proceedings; court had insufficient cause to remove juror; thus, Appellant's related ineffectiveness claims fail; **(3)** Appellant's claim as presented in concise statement is too vague for court to ascertain and address Appellant's issue).[3]  Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/18

---

[3] **See Commonwealth v. Hansley**, 24 A.3d 410 (Pa.Super. 2011), _appeal denied_, 613 Pa. 642, 32 A.3d 1275 (2011) (explaining concise statement that is too vague to allow court to identify issue raised on appeal is functional equivalent of no concise statement at all; if concise statement is too vague, issue is waived on appeal).

- 5 -

FILED

SEP 1 1 2017

Office of Judicial Record
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0009567-2010

v  :  1530 EDA 2017

JOANILEE MONTANEZ  :

:  CP 51-CR-0009567-2010 Comm v Montanez Joanilee
Opinion

**OPINION**



8000031781

Rose Marie DeFino-Nastasi, J.

## PROCEDURAL HISTORY

On June 20, 2013, Petitioner was found guilty after a jury trial, presided over by the Honorable Rose Marie DeFino-Nastasi, of First Degree Murder, 18 Pa C S § 2502(a), as a felony of the first degree, Violation of the Uniform Firearms Act, 18 Pa.C.S. § 6106, as a felony of the third degree, Violation of the Uniform Firearms Act, 18 Pa C S. § 6108, as a misdemeanor of the first degree, and Possession of an Instrument of Crime (PIC), 18 Pa.C S § 907, as a misdemeanor of the first degree. The same day he was sentenced to life without possibility of parole for the First Degree Murder Conviction and a concurrent 3.5 to 7 years for the VUFA 6106 conviction. No further penalties were imposed for the VUFA 6108 and PIC convictions.

On July 1, 2013, Petitioner filed a timely post-sentence motion, challenging the weight and sufficiency of the evidence presented at trial, claiming that the sentence for the VUFA 6106 conviction was outside of the sentencing guidelines, and requesting that a new trial be granted

On July 24, 2013, Petitioner's post-sentence motion was denied without a hearing.

On August 22, 2013, Petitioner filed a direct appeal.

On February 9, 2015, the Superior Court affirmed the judgement of sentence.

On September 28, 2015, the Pennsylvania Supreme Court denied allocator.

On January 20, 2016, Petitioner files this timely, instant, *pro se*, PCRA petition.

On January 30, 2017, PCRA counsel James Lammendola, Esquire, filed a *Finley* letter of no-merit and motion to withdraw as counsel.

On February 3, 2017, Petitioner filed a *pro se* response to PCRA counsel's *Finley* letter.

On February 28, 2017, Petitioner filed a *pro se* amended PCRA petition.

On March 15, 2017, this Court filed a 907 Notice to Dismiss, declaring that the PCRA petition would be formally dismissed on April 11, 2017.

On March 31, 2017, Petitioner filed a *pro se* response to the 907 notice.

On April 11, 2017, the instant PCRA petition was formally dismissed by the PCRA court.

On April 28, 2017, Petitioner filed a notice of appeal with the Superior Court.

On May 26, 2017, Petitioner filed a Rule 1925(b) Statement of Errors Complained of on Appeal, pursuant to an Order of the Court. The claims are as follows (they have been reworded for ease of disposition):

I. The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to develop a meritorious claim that appellate counsel was ineffective for failing to raise on appeal that the trial court erred in admitting hearsay identification testimony of several witnesses.

II. The court erred in dismissing Petitioner's PCRA petition where appointed PCRA counsel rendered ineffective assistance of counsel for failing to develop a meritorious claim that trial counsel was ineffective for not objecting to the admission of inflammatory photographs.

III. The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to develop a meritorious claim that trial counsel was ineffective for not objecting to prejudicial and inflammatory remarks made by the Commonwealth during opening and closing remarks.

IV. The court erred in dismissing Petitioner's PCRA petition where PCRA counsel was ineffective for failing to develop a meritorious claim that the trial court deprived Petitioner of his right to a fair and impartial trial, where the court caught one of the jurors in a lie yet refused to remove him because he was Hispanic

V. The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to amend PCRA petition where he noticed a slight defect in it.

## ANALYSES

All of Petitioner's claims allege ineffective assistance of counsel   The law provides that under the P.C R A., counsel is presumed to be effective and defendant bears the burden of establishing ineffectiveness  *Com v Pierce*, 527 A.2d 973 (Pa. 1987).  In order to establish that trial counsel's representation was deficient, defendant must prove that his underlying claim has arguable merit and that counsel's conduct lacked any reasonable basis.  *Com v. Durst*, 559 A.2d 504, 505 (Pa. 1989); *Com v Davis*, 541 A2d 315, 318 (Pa. 1988).  Further, a defendant cannot be granted any relief absent the additional showing that counsel's performance adversely affected the outcome of the trial.  In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met.  *Com v*

*Travaglia*, 661 A.2d 352, 357 (Pa 1995). Counsel cannot be ineffective for failing to pursue a meritless claim. *Com v Loner*, 836 A.2d 125, 132 (Pa Super 2003)(en banc), appeal denied, 852 A.2d 311 (Pa 2004).

Petitioner raises a number of layered ineffective assistance of counsel claims - claims that trial or appellate and PCRA counsel were ineffective. In a layered ineffective assistance of counsel claim, PCRA counsel is not ineffective for failing to raise an ineffective assistance of counsel claim where the underlying claim lacks merit. As the Supreme Court has explained:

> "To prevail on a claim of appellate counsel's ineffectiveness for failure to raise an allegation of trial counsel's ineffectiveness, a PCRA petitioner must present a 'layered' claim, i.e., he or she must present argument as to each of the three prongs of the Pierce test for each layer of allegedly ineffective representation. To establish the arguable merit prong of a claim of appellate counsel ineffectiveness for failure to raise a claim of trial counsel ineffectiveness, the petitioner must prove that trial counsel was ineffective under the three-prong Pierce standard. If the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of appellate counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the Pierce test as applied to appellate counsel."

*Com v Paddy*, 15 A.3d 431, 443 (Pa. 2008).

The arguable merit prong regarding PCRA counsel's ineffectiveness may only be satisfied by pleading and proving all three elements of the ineffective assistance of counsel test regarding the underlying allegation of counsel's ineffectiveness. *Com v Dennis*, 950 A.2d 945, 954 (Pa 2008).

█████████████████████████████████████████

## ISSUE I

**The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to develop a meritorious claim that appellate counsel was ineffective for failing to raise on appeal that the trial court erred in admitting hearsay identification testimony of several witnesses.**

PCRA counsel did evaluate Petitioner's claim that appellate counsel was ineffective for failing to challenge on appeal the trial court's rulings admitting hearsay statements made to several witnesses by witness David Montes.

The hearsay in question was elicited during the testimony of Miriam Acevedo and Zeleica Diaz  No hearsay was elicited during the testimony of Angela Ledino since she was only impeached with her prior statement which recounted a statement made to her by Petitioner himself and not by David Montes.

Miriam Acevedo testified that witness David Montes told her approximately two weeks after the murder that it was Petitioner who shot the decedent. N.T. 06/19/13 at p. 22. Likewise, Zeleica Diaz gave a statement to detectives that she saw Montes and Petitioner running after hearing shots, saw Petitioner holding a gun, and Montes told her that Petitioner shot the decedent. Trial counsel did object to the admission of these statements, however the court overruled the objection and appellate counsel did not challenge the ruling on appeal. PCRA counsel analyzed the issue and found that, although it had merit, Petitioner was not prejudiced because of the overwhelming amount of evidence notwithstanding the statements against Petitioner.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Pa.R.E. 801(c) The statements admitted were not offered for the truth of the matter (i.e. that Petitioner shot the decedent). There was already ample eyewitness testimony presented to establish that fact. The statements were admitted pursuant to Pa.R.E. 613 in order to rehabilitate Montes's testimony from an attack of recent fabrication.

Montes testified that he was present when Petitioner shot the decedent on October 31st 2009. However, Montes did not report that he witnessed the homicide to authorities until he was arrested on December 9, 2009, on a drug offense. After Montes gave a statement to Homicide detectives, he was then arrested as a conspirator to the homicide. Ultimately, Montes' charges were dismissed for lack of evidence at the preliminary hearing. In opening arguments, the defense told the jury that Montes only came forward and identified Petitioner as the shooter after he himself was arrested and became a suspect In support of its theory, the defense cross-examined Montes about waiting over a month, until he was arrested, before mentioning that Petitioner did the shooting. It was the defense's contention that Montes' statement to homicide detectives was fabricated based on his motive to get himself out of trouble.

In response, the Commonwealth presented statements made by Montes to Acevedo and Diaz, identifying Petitioner as the shooter as early as the night of the incident and two weeks thereafter, to rehabilitate Montes' credibility. Pa. R. E. 613(c) provides that prior consistent statements are admissible for the purpose of rehabilitating a witness whose credibility has been attacked by an express or implied charge of " fabrication, bias, improper influence or motive, or faulty memory." *Com. v Baker*, 2008 Pa. Super. 288, 963 A2d 495 (2008); *Com v Hunzer*, 2005 Pa. Super. 13, 868 A2d 498 (2005). Pa. R. E. 613(c)(1) is also specific about the timing of consistent statements offered to rebut a charge of fabrication, bias , improper influence or

motive. The statement must have been made "before that which has been charged existed or arose." The rationale is that only a statement that predates the motive to falsify or other problem can rebut it. In the instant matter the statements by Montes to Acevedo and Diaz were made prior to his arrest on the drug and homicide charges and before he would have had a motive to fabricate.

Furthermore, assuming, arguendo, that one could find that the statements were hearsay, the admission of the statements would be harmless error. See *Com v Hicks*, 156 A.3d 1114, 1149-1140 (Pa. 2017), (where it was held that "harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was de minimis; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming that the prejudicial effect of the error by comparison could not have contributed to the verdict) and *Com v Allshouse*, 614 Pa 229, 36 A.3d 163, 182 (Pa. 2012) (where the doctrine of harmless error was held to be a "technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt."). There was overwhelming evidence of identification in addition to the statements. Newell Crespo, Brian Ellington and Montes all identified Petitioner as the shooter.

Therefore, appellate counsel cannot be found ineffective for failing to raise a meritless issue and as such PCRA counsel cannot be found ineffective.

## ISSUE II

**The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to develop a**

**meritorious claim that trial counsel was ineffective for not objecting to the admission of inflammatory photographs.**

PCRA counsel did analyze the issue of whether trial counsel was ineffective for not objecting to the admission of certain inflammatory photos. Counsel correctly found that the issue lacked merit

There was a photo of the scene presented depicting the decedent's body covered with a sheet that had a blood stain on it. See Exhibit C22-9, attached hereto and marked as 'Exhibit A.' The photo was actually shown to give an overall view of the crime scene. The photo was not inflammatory simply because it depicted blood. It has been held in Pennsylvania that in a homicide trial the presence of the victim's blood in a photograph does not necessarily render a photograph inflammatory. *Com v Rivers*, 537 Pa. 394, 644 A.2d 710 (Pa 1994) It has also been held that a photograph is not inflammatory because it depicts the murder victim. *Com v Saranchak*, 675 A.2d 268, 275 (Pa. 1996).

Trial counsel would not have been granted a mistrial had he moved for one A mistrial is "an extreme remedy… that must be granted only when an incident is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial " *Com v Vazquez*, 617 A.2d 786,787-88 (Pa. Super. 1992). The photo displayed was not gruesome nor was there a large amount of blood on the sheet The photo depicted the overall view of the crime scene to enable the jury to envision distance, lighting, and the ability of eyewitnesses to make their observations. The body of the decedent had not yet been removed and as such was in the middle of the crime scene

Since this issue has no merit, trial counsel cannot be found ineffective for failing to move for a mistrial and as such PCRA counsel cannot be found ineffective.

█████████████████████████████████████

## ISSUE III

**The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to develop a meritorious claim that trial counsel was ineffective for not objecting to prejudicial and inflammatory remarks made by the Commonwealth during opening and closing remarks.**

PCRA counsel did correctly analyze the issue of trial counsel's ineffectiveness for not objecting to prejudicial and inflammatory remarks made by the prosecutor during opening and closing arguments. Petitioner claims that the prosecutor voiced his personal opinion that Petitioner was guilty during opening and closing arguments. As to opening arguments, the record belies this claim. The record shows that the prosecutor argued that "the evidence would show" that Petitioner was guilty of the crimes charged.

Counsel's remarks to the jury may contain fair deductions and legitimate inferences from the evidence presented during the testimony. The prosecutor may always argue to the jury that the evidence establishes the defendant's guilt, although a prosecutor may not offer his personal opinion as to the guilt of the accused either in argument or in testimony from the witness stand Nor may he or she express a personal belief and opinion as to the truth or falsity of evidence of defendant's guilt, including the credibility of a witness *Com v Chmiel*, 777 A.2d 459, 466 (Pa. Super. 2001), appeal denied, 788 A 2d 372 (Pa 2001).

██████████████████████████████████████████████████████████████

As to closing argument, the prosecutor argued to the jury at the very end of his closing argument that it is hard to stand up and announce a verdict of guilt but that it is a solemn duty. To make his point with oratorical flair the prosecutor said the following·

"Folks, this is not a whodunit. It never has been, it never will be and it is not today but I will not stand up and pretend it is a pleasant thing to find somebody guilty of first degree murder. It is not. It is a duty and it is a solemn duty and when the time comes, all I ask is that you stand up, have the courage in your heart to stand up for what is right, stand up for what is just and you say to the Defendant, as I do, Joanilee Montanez, sir, you are guilty of the first degree murder of Bryan Jubilee."

N.T 06/20/13 at p. 150.

"Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict." *Com v. Jones*, 546 Pa. 161, 683 A.2d 1181, 1199 (1996) (citation omitted). A prosecutor enjoys reasonable latitude during closing arguments, and may advocate with force, vigor, and oratorical flair. *Com v Brown*, 551 Pa. 465, 711 A 2d 444, 454 (1998) (citation omitted). Nonetheless, this latitude is not unrestrained. Argument must be based upon matters in evidence, or upon the legitimate inferences that can be drawn from that evidence *Com v. Chester*, 526 Pa. 578, 587 A.2d 1367, 1377 (1991). "We must consider the challenged statements within the context in which they were offered. We will not view those statements in a vacuum." *Com. v Weiss*, 565 Pa. 504, 776 A.2d 958, 968 (2001)

Clearly, this comment was not the prosecutor's attempt to personally vouch for the evidence or to prejudice the jury against Petitioner, but instead was a rather theatrical exhibition to the jury to illustrate that they must be true to their oath even if it is difficult

Since this issue has no merit, trial counsel cannot be found ineffective for failure to object to the remark. As such, PCRA counsel cannot be found ineffective.

## Issue IV

**The court erred in dismissing Petitioner's PCRA petition where PCRA counsel was ineffective for failing to develop a meritorious claim that the trial court deprived Petitioner of his right to a fair and impartial trial, where the court caught one of the jurors in a lie yet refused to remove him because he was Hispanic.**

PCRA counsel did correctly analyze the issue of trial counsel's ineffectiveness for failure to request removal of a juror who gave differing accounts of why he was late for court.

The juror in question was almost an hour late for court, thereby delaying the proceedings. The information the Court received from the court officer was that the juror indicated he had been in an accident. The Court then questioned the juror, who at first said there was an incident on the highway and then that he overslept. The Court did not delve into the differing versions because the Court decided to keep the juror and did not want the juror to feel any animosity toward the Court or the attorneys.

THE COURT: "The problem that we have with him, he, basically, just lied. I didn't want to get into it because obviously he has to make a decision in this case. I have not

removed him. I don't want to upset him, so that it might affect his decision. So I think what we will do is give him another chance. If he is late tomorrow, ten minutes late, that's it, he is out and I will take care of any contempt or anything like that."

N.T 06/19/13 at p. 8.

"The discharge of a juror is within the sound discretion of the trial court. Absent a palpable abuse of that discretion, the court's determination will not be reversed." *Com. v Jacobs*, 639 A2d 786, 790 (Pa 1994). In *Saxton*, our Supreme Court held that: "While the decision to remove a juror because of inability to perform the usual function of a juror is within the sound discretion of the trial judge, the exercise of this judgment must be based upon a sufficient record of competent evidence to sustain removal." *Com v Saxton*, 353 A.2d 434, 436 (Pa 1976), see also *Bruckshaw v Frankford Hosp of City of Philadelphia*, 58 A.3d 102, 106 (Pa. 2012) (recognizing "established precedent that once a principal juror is seated and sworn, that juror cannot be removed without good cause on the record")

There was not sufficient good cause to remove this juror. The juror was late. He was not completely forthright regarding the reason at first, but then admitted he overslept and promised to be on time (which he was for the duration of the trial).

Trial counsel had no basis to request removal of the juror Therefore trial counsel cannot be found ineffective and thus it follows that PCRA counsel cannot be found ineffective.

## ISSUE V

**The court erred in dismissing Petitioner's PCRA petition where PCRA counsel rendered ineffective assistance of counsel for failing to amend PCRA petition where he noticed a slight defect in it.**

The Court cannot ascertain the meaning of Petitioner's claim. This Court is unaware of any defect in Petitioner's *pro se* petition.

## CONCLUSION

Based on the foregoing, the court's denial of the PCRA petition should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

# EXHIBIT

# 'A'



**Commonwealth v. Joanilee Montanez**
**CP-51-CR-0009567-2010**
**Opinion**

## Proof of Service

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P. 114:

Defendant:

Joanilee Montanez, LB5775
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239

Type of Service: ( ) Personal ( ) First Class Mail (x) Other, Please Specify: Certified

District Attorney:

Philadelphia District Attorney's Office
PCRA Unit
Widener Bldg
3 South Penn Square
Philadelphia, PA 19107

Type of Service: ( ) Personal ( ) First Class Mail (x) Inter-Office

Date: 09/11/17

Michael G. Zaleski
Law Clerk to the Honorable Rose Marie DeFino-Nastasi