J-S50023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARREO MARQUIST TATE | : | |
| | : | |
| Appellant | : | No. 216 WDA 2019 |

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003309-2016

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 27, 2020**

This case returns to this panel after we remanded for the appointment of new counsel.  Marreo Marquist Tate (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

> [Appellant] was charged with Aggravated Assault, Recklessly Endangering Another Person, two counts of Terroristic Threats, Simple Assault, Intimidation of Witnesses or Victims, Disorderly Conduct, and Possessing Instruments of Crime.[FN]1  The charges arose on July 24, 2016, when [Appellant] and the victim, Javonna Moff[a]tt ("Moff[a]tt"), began engaging in a verbal altercation after Moff[a]tt arrived home from work and found [Appellant] in her home.  The verbal altercation escalated and [Appellant] poked and/or punched Moffatt in the face and threw her into a television console, breaking the television and console and causing Moffatt to fall against a coffee table.  Moffatt told police [Appellant] pointed a semi-automatic handgun at her head and threatened to shoot/kill her and her family if the police were contacted.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[FN] 1 18 Pa.C.S.A. § 2701(a)(4); 18 Pa.C.S.A. § 2705; 2 counts 18 Pa.C.S.A. § 2706(a)(1); 18 Pa.C.S.A. § 2701(a)(3); 18 Pa.C.S.A. § 4952(a)(1); 18 Pa.C.S.A. § 5503(a)(4); 18 Pa.C.S.A. § 907(b), respectively.

After a jury trial on February 6th and 7th, 2017, [Appellant] was convicted of Count Three, Terroristic Threats; Count 5, Simple Assault; and Count 6 Intimidation of Witnesses or Victims. Counts One and Four, Aggravated Assault and Terroristic Threats, were withdrawn by the Commonwealth. Count 7, Intimidation of Witnesses or Victims, was dismissed by the Court and [Appellant] was acquitted of Counts 2 and 8, Recklessly Endangering Another Person and Possessing Instruments of Crime.

On March 31, 2017, [Appellant] was sentenced as follows:

Count 3 – Terroristic Threats: 16 – 32 months of incarceration consecutive to Docket Number 2944 of 2015;
Count 5 – Simple Assault: 12-24 months of incarceration consecutive to Count 3; and
Count 6 – Intimidation of Witnesses or Victims – 24 months of probation consecutive to Count 5.

On April 10, 2017, a Post Sentence Motion was filed requesting the sentences be imposed concurrently rather than consecutively. Said Motion was denied. A direct appeal was not filed.

On October 27, 2017, [Appellant] timely filed a *pro se* Motion for Post Conviction Collateral Relief alleging ineffective assistance of trial counsel for failing to object to alleged prejudicial statements by the Commonwealth and failing to object to the imposition of an illegal sentence based on an incorrect prior record score. PCRA counsel was appointed and filed Supplemental Motions of Monarch 22, 2018 and August 6, 2018, reiterating [Appellant's] claims.

Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P. 907, 12/17/18, at

1-2.

On December 17, 2018, the PCRA court issued notice of its intent to

dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of

the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response to the court's notice, and on January 11, 2019, the PCRA court dismissed Appellant's petition. Appellant appealed. In reviewing Appellant's claims, we determined that Counsel's deficient brief waived all issues on appeal and Counsel was *per se* ineffective; we remanded for the appointment of new counsel to file a new appellate brief. The trial court appointed new counsel, who filed an appellate brief on January 10, 2020.

Appellant states his issues as follows:

A. Whether the PCRA Court erred in failing to grant relief based upon the ineffective assistance of counsel claim that defense counsel was ineffective in failing to object to or failing to move for a mistrial based upon the Commonwealth's examination of Melquan Barnett which elicited responses that [the Appellant] "was known to lose his cool" and known to "carry a gun."

B. Whether the PCRA Court erred in failing to grant relief in that Counsel was ineffective in failing to object to the employment of a prior record score of 5 instead of 4 as to the calculation of the sentencing guidelines, which otherwise caused the imposition of an illegal sentence.

Appellant's Brief at 6.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

In his first issue, Appellant asserts that trial counsel was ineffective. In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. **See Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Id.**

Appellant argues that his trial counsel was ineffective for failing to object to prejudicial questions posed by the Commonwealth during trial. Specifically, during the Commonwealth's cross-examination of defense witness, Melquan Barnett, Appellant contends that the Commonwealth asked inflammatory

questions, which warranted a new trial.[1]  Appellant takes umbrage with the following exchange:

> [THE COMMONWEALTH]: Now, your testimony is that you did not see how this started; is that correct?
>
> [BARNETT]: No.
>
> [THE COMMONWEALTH]: It's not correct?
>
> [BARNETT]: I was there.  I said I didn't see as far as when he went to answer the door what they were talking about.  I couldn't hear from upstairs.
>
> [THE COMMONWEALTH]: Okay.  And there was a verbal argument; correct?
>
> [BARNETT]: Yeah.
>
> [THE COMMONWEALTH]: A verbal argument between both of them; correct?
>
> [BARNETT]: Yeah.
>
> [THE COMMONWEALTH]: And she wanted him to leave; right?
>
> [BARNETT]: That's what she said, but it wasn't until after he said he had relationships with both of the females who were renting out that apartment.
>
> [THE COMMONWEALTH]: But he starts to leave at some point; right?
>
> [BARNETT]: Right.
>
> [THE COMMONWEALTH]: And he's going to go out the door; right?
>
> [BARNETT]: Right.

---

[1] Barnett is Appellant's cousin who was at the Victim's home when the assault occurred.

[THE COMMONWEALTH]: And you're saying that - - so she's getting what she wants; right? He's leaving the apartment; correct?

[BARNETT]: Yeah.

[THE COMMONWEALTH]: And you want this jury to believe that that's when she attacked him?

[BARNETT]: I mean I'm not - - got control of her feelings or - - or how she went about doing things, I can't control her mindset. I don't know what he said about her. One was she's a female, I know how females can be and how they can act dealing with their emotions. So, hey, maybe she did go and act up from hearing it.

[THE COMMONWEALTH]: So women can act emotionally; but guys, they can't lose their cool?

[BARNETT]: I never said that.

**[THE COMMONWEALTH]: Your cousin's been known to lose his cool, hasn't he?**

[BARNETT]: I guess.

[THE COMMONWEALTH]: And he was carrying a gun with him on that date, wasn't he?

[BARNETT]: No sir.

[THE COMMONWEALTH]: A semiautomatic.

[BARNETT]: No sir.

**[THE COMMONWEALTH]: It was his habit to carry a semiautomatic; wasn't it?**

[BARNETT]: I just told you I don't - - I'm not aware of no guns, so the questions you keep asking me about guns you can save it, sir.

N.T., 2/7/17, at 41-42 (emphasis added).

Appellant suggests that "[t]hese questions were posed without any prior introduction of such evidence from defense counsel regarding either Appellant or the alleged Victim." Appellant's Brief at 16. He asserts "there was no physical evidence offered against Appellant to show that Appellant assaulted or injured [the Victim]," while, in contrast, "Appellant offered two first-hand defense witnesses that offered completely differing versions of events as compared to the narrative offered by [the Victim]." *Id.* at 20. Accordingly, Appellant asserts that trial counsel's failure to object to the questions posed by the Commonwealth was "so serious as to deprive [the Appellant] of a fair trial." *Id.* at 19.

In addressing Appellant's claim of ineffective assistance of counsel, the PCRA court explained:

> Barnett testified on direct examination to Moff[a]tt's emotional state and attempted to portray her as the aggressor. Pursuant to Pa.R.E. 404(B)(ii), the Commonwealth's cross-examination of Barnett properly offered evidence of [Appellant's] same emotional trait. As a threshold matter, the Commonwealth's questions were within the scope of the direct examination and relevant to the traits raised by [Appellant]. Given [Appellant's] prior convictions for carrying a gun, there was a factual predicate for the Commonwealth's questions.[FN2]
>
> > [FN] 2 [Appellant] has two prior firearms convictions. The first conviction at Docket Number 3475 pf 2013 was for Firearms not to be Carried without a License – Loaded, 18 Pa.C.S.A. § 6106(a). The second conviction at Docket Number 2944 of 2015 was for Firearms not to be Carried without a License – Unloaded, 18 Pa.C.S.A. § 6106(a)(1).
>
> Furthermore, [Appellant] does not articulate a basis for any prejudice. The actual evidence for the jury to consider were the

- 7 -

answers given by the witness, Barnet[t]. When asked if [Appellant] was carrying a gun during his encounter with the victim, Barnett specifically said no. When asked if [Appellant] carried a semiautomatic gun, Barnett twice said no, the second time more emphatically than the first. None of Barnett's answers to these questions were prejudicial to [Appellant].

PCRA Notice of Intent to Dismiss, 12/17/18, at 5.

The PCRA court's findings of fact are supported by the record and its legal conclusions are free from error. Appellant fails to establish how he was prejudiced by the Commonwealth's questions, especially when Barnett responded that Appellant does not carry a semiautomatic weapon. *See* N.T., 2/7/17, at 42. Trial counsel's failure to object cannot be said to have undermined confidence in the outcome of the proceeding. For these reasons, we conclude that trial counsel was not ineffective for failing to object to the above-referenced statements, and that a mistrial would not have been warranted. *See Commonwealth v. Vazquez*, 617 A.2d 786, 787-88 (Pa. Super. 1992) (A mistrial is an "extreme remedy" that the court must grant "only when an incident is of such a nature that its unavoidable effect is to deprive defendant of a fair trial."). Accordingly, no relief is due.

In his second claim, Appellant argues that the trial court erred in calculating his prior record score. Appellant contends that the miscalculation resulted in an excessive and illegal sentence. Issues concerning the legality of sentence are cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997). Whether Appellant's challenge implicates the legality of his sentence presents a pure question of

law. ***Commonwealth v. Foster***, 17 A.3d 332, 340 n.13 (Pa. 2011). Our standard of review is *de novo* and our scope of review is plenary.

Although framed as a challenge to the legality of his sentence, Appellant's claim actually contests the discretionary aspects of his sentence. ***See Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence."). Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA."); ***see also Commonwealth v. Jordan***, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of a PCRA."); ***see also*** 42 Pa.C.S.A. § 9543(a)(2). Again, no relief is due.[2]

Order affirmed.

---

[2] Even if Appellant's claim was cognizable under the PCRA, the record reflects that his prior record score was correctly calculated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/27/2020