J-S72011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN AVERY BIRCH | : | |
| | : | |
| Appellant | : | No. 1290 MDA 2018 |

Appeal from the Judgment of Sentence Entered December 7, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001350-2017

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 19, 2019**

Devin Avery Birch appeals from the judgment of sentence of eighteen months of probation imposed for his simple assault conviction. We affirm.

The charges against Appellant stem from a February 21, 2017 altercation with Jenica Price, his paramour, in the home they share with their three-year-old child. At trial, Ms. Price testified that she had worked until 4:00 a.m., had drinks afterwards celebrating a friend's birthday, and arrived home between 5:00 and 5:30 a.m. Appellant, awakened by the dog's barking, confronted Ms. Price about her intoxication and late arrival. The two argued for approximately ten minutes until Appellant pushed her, causing her to fall onto her stomach in the kitchen. Ms. Price stated that Appellant then proceeded to stomp on her back until he decided to go outside for a cigarette, at which time Ms. Price went upstairs and locked herself in her room. Upon awakening at 8:30 or 9:00 a.m., Ms. Price was unable to move due to the

pain in her back. She described it as an eight or nine out of ten on the pain scale. After Appellant left for work, Ms. Price called her friend Jocelyn Lopez for help. Ms. Lopez and her husband took Ms. Price to the hospital, where she was "cleared" after undergoing x-rays and a urine test.

Ms. Lopez was another witness at Appellant's trial. Ms. Lopez confirmed that she received a call from Ms. Price on the morning of February 21, 2017, causing her and her husband Chad to go to Ms. Price's home. Of import to this appeal, the following exchange took place during direct examination:

> Q.     Well, what happened, starting with the first thing you can remember that was out of the ordinary[?]
>
> A.     . . . I was headed to my photography studio in Reading, and I got a phone call from [Ms. Price] and she said --
>
> [Appellant's counsel]:   Objection; hearsay.
>
> The Court:       Overruled. No, it's not. Overruled.
>
> [Commonwealth]:      Thank you, your honor.
>
> [Ms. Lopez]:     I got a phone call from [Ms. Price] and she said hey, can you please come over here I need your help. I think that something in my back is broken. I think [Appellant] broke my back is the phone call I got.

N.T. Trial, 12/6-7/17, at 35 (unnecessary capitalization omitted).

Ms. Lopez continued to recount that it took her and her husband twenty minutes to get Ms. Price into their car due to Ms. Price's painful condition. Ms. Lopez and her husband drove Ms. Price to the hospital, where Ms. Lopez witnessed Ms. Price "tell her side" of how the injuries were sustained to hospital personnel. *Id*. at 38.

The Commonwealth called Office Mark Snyder of the Swatara Township Police Department as a witness. He indicated that, on the morning in question, he was dispatched to the hospital "to make contact with an assault victim which was reported to be related to domestic violence." *Id*. at 49. Officer Snyder testified that he found Ms. Price in obvious pain, had a nurse take photos of Ms. Price's back, and took both oral and written statements from Ms. Price concerning how she sustained her injuries. On cross-examination, counsel for Appellant asked Officer Snyder: "she told you she was assaulted by her boyfriend?" He answered "That's correct." *Id*. at 51.

Appellant testified in his defense. The version of events he relayed to the jury was that Ms. Price was very intoxicated when she came home, the two of them argued, Ms. Price threw a ten-pound step stool at him, came at him with arms flailing, and fell face first onto the floor, scraping her back on a cabinet on the way down. Appellant denied having kicked, stomped, or made "any assaultive, like, movements towards" Ms. Price. *Id*. at 58.

A jury convicted Appellant of simple assault on December 7, 2017, and he was sentenced that day to eighteen months of probation after waiving a presentence investigation. Appellant filed a timely post-sentence motion which was denied on January 3, 2018. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. The appeal was dismissed for failure to file a brief, but this instant, timely appeal was filed following the reinstatement of Appellant's direct appeal rights.

Appellant presents one question for our review: "Did not the court err in permitting a Commonwealth witness over [Appellant's] objection to refer to a statement by the complainant attributing her injuries to an assault by [Appellant] when such references were not relevant for the non-hearsay purpose of explaining the witness's course of conduct?" Appellant's brief at 4 (unnecessary capitalization omitted).

We consider Appellant's issue mindful of our standard of review:

> The admissibility of evidence is a matter addressed solely to the discretion of the trial court, and may be reversed only upon a showing that the court abused its discretion. For there to be abuse of discretion, the sentencing court must have ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Johnson***, 179 A.3d 1105, 1119-20 (Pa.Super. 2018) (internal citations and quotation marks omitted).

Appellant's challenge is based upon the trial court's admission of the above-quoted hearsay testimony of Ms. Lopez that Ms. Price stated that she thought Appellant broke her back. Appellant's brief at 15. The trial court opined that the out-of-court statements were properly admitted not for the truth of the matter asserted (*i.e.*, that Ms. Price believed that Appellant broke her back), but to explain Ms. Lopez's course of conduct in going to Ms. Price's home to find her in need of medical care. Trial Court Opinion, 3/14/18, at 8 (citing, *inter alia*, ***Commonwealth v. Weiss***, 81 A.3d 767, 806 (Pa. 2013) (holding out-of-court statements that the victim was at the defendant's home

- 4 -

were properly admitted not to show that the victim was there, but to explain why the victim's mother went to the defendant's residence).

Appellant contends that when such course-of-conduct evidence is admitted, it "should be sanitized to the largest extent possible." Appellant's brief at 14 (citing, *inter alia*, **Commonwealth v. Yates**, 613 A.2d 542, 543 (Pa. 1992) ("It is the prosecutor's duty to avoid the introduction of out-of-court statements that go beyond what is reasonably necessary to explain police conduct." (internal quotation marks omitted)). He maintains that "there was absolutely no need for Ms. Lopez" to say more than that Ms. Price requested help for her back pain; it "was entirely unnecessary" for her to refer to the cause of the pain to explain why she went to Ms. Price's home that morning. *Id*. at 14.

We agree with Appellant that the statement "I think [Appellant] broke my back" was not required to explain Ms. Lopez's course of conduct. Indication that Ms. Price had called complaining of severe pain would have sufficed. As such, the testimony that Ms. Price implicated Appellant in her request for assistance was not properly admitted as course-of-conduct evidence. **See**, **e.g.**, **Commonwealth v. Mosley**, 114 A.3d 1072, 1079-80 (Pa.Super. 2015) (holding allegations of drug activity in content of complaints received by police to explain why police went to particular apartment was error).

However, we conclude that the error was harmless. As our Supreme Court has explained,

> the doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt. Its purpose is premised on the well-settled proposition that a defendant is entitled to a fair trial but not a perfect one.

*Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012) (cleaned up). Harmless error will be found where the Court concludes beyond a reasonable doubt that (1) the error resulted in no more than *de minimis* prejudice; (2) "the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence;" or (3) the error could not have contributed to the verdict because "the properly admitted and uncontradicted evidence of guilt was so overwhelming." *Commonwealth v. Brown*, 185 A.3d 316, 330 (Pa. 2018).

Appellant argues that, because he contradicted the evidence of guilt with his testimony, the error cannot be deemed harmless. Appellant's brief at 16 (citing *Commonwealth v. Fulton*, 179 A.3d 475, 494 (Pa. 2018) ("[O]verwhelming evidence of a defendant's guilt is never harmless unless that evidence is uncontradicted."). Be that as it may, we nonetheless hold that the error was harmless under the other two possible bases.

First, the jury heard Ms. Price's claim that Appellant caused her injuries from Ms. Price herself. As such, any prejudice was *de minimis*. *See*, *e.g.*, *Commonwealth v. Jones*, 658 A.2d 746, 751 (Pa. 1995) (distinguishing

- 6 -

***Yates*** because the concern about prejudice is not present "where, as in this case, the declarant did in fact testify and the subsequent police testimony merely related matters that were covered in the declarant's own testimony").

Moreover, the statement from Ms. Lopez was merely cumulative of the properly-admitted testimony of Ms. Price and Officer Snyder that Ms. Price's injuries were caused by Appellant. ***See***, ***e.g.***, ***Allshouse***, ***supra*** at 183 (finding harmless error where improperly-admitted statement was merely cumulative of properly-admitted statement); ***Mosley***, ***supra*** at 1080 (concluding erroneous admission of assertions of criminal conduct as course-of-conduct evidence was harmless where it was substantially similar to properly-admitted evidence).

Although Appellant's trial may not have been perfect, we have determined beyond a reasonable doubt that it was fair. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019